UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ULYSSES WHITE,

                      Plaintiff,

                                                                     **Hon. Hugh B. Scott**

                      v.                                                 04CV744S

                                                                     **Order**

JAMES DOE, et al.,

                      Defendants.

      Plaintiff in this action has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e) and also moves for an Order to compel defendants to identify Jane Doe, a nurse at the Wyoming Community Health Center during a specified shift on December 21, 2002. (Docket No. 10.) Following the Order granting plaintiff in forma pauperis status and directing service of the Complaint upon the remaining defendants, the defendants that have appeared in this action (see Docket No. 7) are corrections employees (officers or medical staff) assigned to Attica or Wende Correctional Facilities (see Docket No. 1, Compl. at unnumbered pages 4-6).

DISCUSSION

I.      Appointment of Counsel

      Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. See In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether or not

to assign counsel are set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff makes a bare bones assertion of the need for the assistance of counsel. Based on this review, petitioner's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE AT THIS TIME**.

It remains the plaintiff's responsibility to retain his own attorney or to press forward with his lawsuit pro se. 28 U.S.C. § 1654.

II.     Discovery Motion

Plaintiff also moves for defendants to produce the name of a Jane Doe, a nurse on duty at the Wyoming Community Health Center, Room 220-B, on December 21, 2002, from 3 pm to 11 pm (Docket No. 10; see Docket No. 1, Compl., unnumbered pages 6, 27-30). In Claim 5[1], plaintiff alleges that Jane Doe saw that his intravenous line was removed from his arm and did not believe him when he stated that defendant Schwedt removed it when he allegedly assaulted him (Docket No. 1, Compl., unnumbered pages 27-30).

---

[1]This claim survived this Court's in forma pauperis Order, Docket No. 5, which dismissed Claims 1, 2, and 4.

The Order granting plaintiff in forma pauperis status also dismissed certain defendants (including defendant Wyoming Community Health Center) and claims (Docket No. 5; see note 1, supra). That Order directed plaintiff to identify this Jane Doe through discovery as soon as possible and then apply to the Court to amend the caption to serve this party (Docket No. 5, Order at 6).

The Department of Correctional Services employee defendants filed a Response to Court Ordered Discovery (Docket No. 11, filed July 19, 2005) in which they list people with discoverable information. One person listed is the clinical coordinator at the Wyoming Community Health Center (id. at 2). They also attached documents, including copies of portions of plaintiff's medical record (id. Exs. A (Wyoming Community Health Center log), D (Wyoming Community Health Center's medical records for plaintiff). Since defendants did not file the Wyoming Community Health medical records (id. at 3), the Court does not know if they identify the unnamed nurse plaintiff is trying to locate.

Plaintiff does not indicate that he served discovery demands upon defendants to seek this information, cf. Fed. R. Civ. P. 33 (interrogatories), 30 (oral deposition), 31 (deposition upon written questions), 34 (production of documents and other materials), 26(a)(1) (initial disclosure, not applicable to pro se inmate cases, Rule 26(a)(1)(e)(iii)), Docket No. 9 (Scheduling Order requiring production of Rule 26(a)(1) materials). As noted above, the remaining defendants have file initial Rule 26(a)(1) disclosure, including plaintiff's medical records from Wyoming Community Health and the name of the clinical coordinator there, providing plaintiff with some leads in investigating who the nurse on duty on the day and shift in question.

In order for the Court to order discovery, the movant first has to notice the opponent of the demanded discovery and show good faith efforts to resolve the discovery dispute short of Court intervention, Fed. R. Civ. P. 37(a), (a)(2).  Plaintiff here has to serve some discovery demand and, if not responded by a defendant, then can move to seek an Order compelling production.  Therefore, plaintiff's motion is **denied**, again without prejudice to renewal upon an unresponded discovery demand.  Whether these defendants--Department of Correctional Services employees apparently unaffiliated with the Wyoming Community Health Center--can respond to such inquiries is an open question.

## CONCLUSION

Plaintiff's motion (Docket No. 10) for appointment of counsel is **denied without prejudice** and for an Order compelling disclosure is also **denied without prejudice**.

So Ordered.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      July 21, 2005